[No. B092597. Second Dist., Div. One. Oct. 31, 1995.]

U.D. REGISTRY, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE MUNICIPAL COURT FOR THE INGLEWOOD JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Real Party in Interest.

1242

**COUNSEL**

Horvitz & Levy, Barry R. Levy, Lisa Perrochet, Elizabeth Skorcz Anthony and Sumner Bennett Cotton for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

## OPINION

**VOGEL (Miriam A.), J.**—Last April, Division Four of our court held that subdivision (a)(3) of section 1785.13 of the Civil Code[1]—which limits the information a credit agency may report regarding a tenant's involvement in unlawful detainer actions—unconstitutionally infringes upon First Amendment rights by prohibiting the truthful reporting of public information. (*U.D. Registry, Inc.* v. *State of California* (1995) 34 Cal.App.4th 107, 116 [40 Cal.Rptr.2d 228].) In a petition for a writ of mandate filed a few weeks later, U.D. Registry, Inc. (UDR) asked us to hold that, as a result of Division Four's decision, UDR was entitled to the reinstatement of a previously revoked blanket exemption from the *time restrictions* imposed by a *different* statute governing access to municipal court unlawful detainer files. We summarily denied the petition but the Supreme Court thereafter granted review and, citing Division Four's case, transferred this petition back to us with directions to issue an alternative writ. We complied. Once again, we deny the petition.

## BACKGROUND

UDR is a "tenant screening" service operated for the benefit of landlords. In December 1992, a judge of the Municipal Court for the Inglewood Judicial District (Hon. Roosevelt Robinson, Jr.) conferred upon UDR a blanket oral exemption from the statute which prohibits public access to unlawful detainer files and records during the 60-day period after the complaint is filed. (Code Civ. Proc., § 1161.2, subd. (a).)[2] For the next year

---

[1] All references to section 1785.13 are to that section of the Civil Code.

[2] All references to section 1161.2 are to that section of the Code of Civil Procedure. Subdivision (a) of section 1161.2 provides, as relevant, that except as to mobilehome park tenancies, in any unlawful detainer case filed "in municipal court, the court clerk shall not allow access to the court file, index, register of actions, or other court records until 60 days following the date the complaint is filed, except pursuant to an ex parte court order upon a showing of good cause therefor by any person including, but not limited to, a newspaper publisher. . . ." (§ 1161.2, subds. (a), (g).) Section 1161.2 was adopted to address "a crisis due to unscrupulous eviction defense services which utilize records of court filings in civil cases to solicit and defraud tenants." (Sen. Bill No. 892 (1991-1992 Reg. Sess.) § 1, subd. (a)(3).) These services would contact tenants, frequently before they were served with the complaint, and then file defective or fraudulent pleadings on the tenants' behalf (sometimes without their permission), thereby depriving the tenants of legitimate defenses and causing

and a half, UDR enjoyed unrestricted and immediate access to all of the Inglewood Municipal Court's unlawful detainer files and records.[3]

In May 1994, the then-presiding judge (Hon. John V. Meigs) rescinded UDR's exemption, explaining in a letter to UDR that a "blanket exemption" appeared to conflict with the provisions of subdivision (a) of section 1785.13 "which prohibits the release of information about dismissed, settled, or unresolved unlawful detainer actions."[4] In February 1995, UDR filed a petition for a writ of mandate, asking the Los Angeles Superior Court to direct the Inglewood Municipal Court to reinstate Judge Robinson's blanket exemption.[5] That petition was denied. In April, Division Four filed its decision in *U.D. Registry, Inc.* v. *State of California, supra,* 34 Cal.App.4th

economic harm to tenants and landlords (who would raise rents to cover the resulting losses and expenses). (*Id.,* § 1, subd. (a)(5).)

[3]A written application was filed for the blanket exemption, captioned "In the matter of: THE U.D. REGISTRY, INC., a California corporation seeking exemption from the secrecy provisions of CCP Section 1161.2." According to UDR's verified petition later filed in our court, Judge Robinson was "too busy" to hear the application when it was filed. A month or two later, however, "Judge Robinson telephoned UDR's counsel to talk about the ex parte application [and, a]fter a full discussion of the matter, Judge Robinson orally granted UDR the ex parte order for the access which it sought." Since no one else was named as a party (no defendant, respondent, real party in interest or anybody else), there was no one to oppose the application.

[4]Subdivision (a)(3) of section 1785.13 provides that "[n]o consumer credit reporting agency shall make any consumer credit report containing any of the following items of information: [¶] . . . [¶] (3) Unlawful detainer actions, unless the lessor was the prevailing party. For purposes of this paragraph, the lessor shall be deemed to be the prevailing party only if (A) final judgment was awarded to the lessor (i) upon entry of the tenant's default, (ii) upon the granting of the lessor's motion for summary judgment, or (iii) following trial, or (B) the action was resolved by a written settlement agreement between the parties that states that the unlawful detainer action may be reported. In any other instance in which the action is resolved by settlement agreement, the lessor shall not be deemed to be the prevailing party for purposes of this paragraph."

[5]That petition named the Inglewood Judicial District as respondent and the Clerk of the Inglewood Municipal Court as real party in interest. On behalf of the Inglewood Municipal Court, county counsel filed a request for judicial notice of the file in a similar action filed by UDR against the Los Angeles Municipal Court, The U.D. Registry, Inc. v. The Municipal Court of Los Angeles, case No. BS 027545. UDR opposed the request for judicial notice, explaining that the two actions raised different issues—the Los Angeles case attacked the Los Angeles Municipal Court's ruling that "only one case at a time may be accessed" within the 60-day limitation period of section 1161.2, whereas the Inglewood action (the one now before us) attacks Judge Meigs's right to revoke Judge Robinson's blanket exemption. We agree with UDR that the issue in this case is the one narrowly defined by it below and in its original petition filed with us. As will appear, that is the main reason we hold that UDR is not entitled to the relief it seeks in this proceeding. For the record, we note that the petition attacking the Los Angeles Municipal Court's refusal to grant a blanket exemption was denied by the Los Angeles Superior Court. On the other hand, other municipal courts have granted blanket exemptions (i.e., the Central Orange Judicial District, the San Diego Judicial District and the Pasadena Judicial District).

107, in which it declared subdivision (a)(3) of section 1785.13 unconstitutional, finding that the Legislature's desire to protect tenants' rights infringed upon UDR's First Amendment rights.[6]

In May, UDR filed this petition, asking us to order the Los Angeles Superior Court to issue a writ directing the Inglewood Municipal Court to reinstate Judge Robinson's blanket exemption.[7] As noted at the outset, we denied that petition but then issued an alternative writ as directed by the Supreme Court.

## DISCUSSION

First, we reject UDR's contention that we must issue a writ because Judge Robinson's blanket exemption from section 1161.2 "has never been challenged." UDR's failure to explain how anyone could challenge (or even learn about the existence of) an unpublished, unwritten, telephonically granted oral exemption relieves us of any obligation to explain why we summarily reject this patently absurd conundrum.

Second, we reject UDR's contention that its compliance with the statutory procedure for demonstrating good cause within the meaning of section 1161.2, subdivision (a), resulted in some sort of decision on the merits which could not be "reconsidered" by Judge Meigs. This argument ignores the fact that, generously construed, Judge Robinson's informal exemption was nothing more than an administrative decision rendered in a nonadversarial context.[8] The *only* authorities cited by UDR are those addressing motions for reconsideration in actions and proceedings actually litigated by two or more parties and they clearly have no application in this sui generis context. (See and compare *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 739 [329 P.2d 489]; *Curtin* v. *Koskey* (1991) 231 Cal.App.3d 873, 876-877 [282 Cal.Rptr. 706]; *Ziller Electronics Lab GmbH* v. *Superior Court* (1988) 206 Cal.App.3d 1222, 1232 [254 Cal.Rptr. 410].)

---

[6] *U.D. Registry, Inc.* v. *State of California, supra,* 34 Cal.App.4th 107 reached the Court of Appeal in consolidated actions involving UDR, the State of California, the Apartment Association of Greater Los Angeles and an individually named intervener. (Nos. B077282 and B077283.) Although the state did not appear, San Fernando Valley Neighborhood Legal Services, Inc. litigated the case on behalf of the intervenor-tenant. In short, it was an adversarial proceeding.

[7] The Los Angeles Superior Court is named as respondent and the Inglewood Municipal Court as real party in interest. No opposition has been filed by either party or by anyone else.

[8] An "order" is made in a specific case or in a group of named cases. (E.g., Code Civ. Proc., § 1003; *Cottle* v. *Superior Court* (1992) 3 Cal.App.4th 1367, 1376-1377 [5 Cal.Rptr.2d 882]; *Asbestos Claims Facility* v. *Berry & Berry* (1990) 219 Cal.App.3d 9, 19 [267 Cal.Rptr. 896].) A municipal court's "local rule" must be in writing and published as required by the California Rules of Court. (Code Civ. Proc., § 575.1, subd. (c).) To the best of our knowledge, there is no horse of another color, and a judicial pronouncement outside of a specific case or group of named cases is without legal consequences—at least in the context of this case.

Third, the fact that section 1785.13, subdivision (a)(3)—the statute relied on by Judge Meigs—has since been declared unconstitutional (*U.D. Registry, Inc.* v. *State of California, supra,* 34 Cal.App.4th 107) is irrelevant. Division Four's case does not discuss the constitutionality of the 60-day limitation imposed by section 1161.2 and is limited to the far more extreme prohibitions imposed by section 1785.13, subdivision (a)(3). The petition before us does not attack the constitutionality of section 1161.2. As a result, *U.D. Registry, Inc.* v. *State of California, supra,* 34 Cal.App.4th 107 has nothing to do with this case—where the only issue is whether UDR has a vested and irrevocable right to an oral exemption granted in a nonadversarial context.

Fourth and finally, we leave for another day (and another case where the issue is properly presented in an adversarial context) the decision whether the 60-day limitation imposed by subdivision (a) of section 1161.2 is constitutional and, if it is, whether an ex parte[9] blanket order could properly issue to UDR or anyone else.[10]

## DISPOSITION

The petition is denied.

Spencer, P. J., and Ortega, J., concurred.

A petition for a rehearing was denied November 20, 1995, and petitioner's application for review by the Supreme Court was denied January 31, 1996.

---

[9]The provision in section 1161.2 for an "ex parte" order does not necessarily mean "without notice to the parties." (Compare § 1161.2, subd. (a) with § 1161.2, subd. (c) [upon the filing of an unlawful detainer action, the clerk of the municipal court must mail a notice to each defendant that access to the court's records "is not permitted until 60 days after the complaint is filed, except pursuant to an ex parte order upon a showing of good cause therefor;" and providing the number of the local office offering legal services for low income persons], and see rule 8, Uniform Rules for the Municipal Courts, Los Angeles County.)

[10]Subdivision (e) of section 1161.2 permits a municipal court to "exempt itself" from the operation of section 1161.2, provided certain findings are made after consultation "with local associations of rental property owners, tenant groups, and providers of legal services to tenants." That procedure was not followed in this case.