[No. E022778. Fourth Dist., Div. Two. Feb. 5, 1999.]

KEITH AUGUSTINE et al., Petitioners, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Margaret J. Spencer, Public Defender, Floyd Zagorsky, Chief Assistant Public Defender, and Taylor Huff, Deputy Public Defender, for Petitioners.

No appearance for Respondent.

William C. Katzenstein, County Counsel, and Robert M. Pepper, Principal Deputy County Counsel, for Respondent.

## OPINION

**WARD, J.**—In this matter we are asked to determine whether the trial court may destroy trial exhibits under the authority of Penal Code section 1417.1, or whether, on demand of the defendant, the exhibits must be retained *in custodia legis*. In the circumstances of this case we find no error in the trial court's refusal to retain the specified exhibits, and we deny the petition for writ of mandate.

### FACTS AND PROCEDURAL BACKGROUND

Petitioners are persons who have been convicted of felony criminal offenses in the County of Riverside. The county, through the court, has given notice of its intent to destroy exhibits which were introduced into evidence in the various criminal proceedings in which petitioners were involved. Petitioners, through the public defender, have objected.[1] With a single exception (see *infra*), the trial court rejected petitioners' request that the exhibits be maintained. The trial court did offer to release the exhibits to the public defender for storage in that official's domain. However, the offer was refused, and petitioners sought relief from this court. This court originally denied the petition summarily for the reasons which we explain in this opinion. Petitioners sought review in the Supreme Court, and that court directed us to vacate our order of denial and to issue an order to show cause. We have complied with this directive. ■ However, it is commonly understood that a "grant and transfer" order does not necessarily reflect the high court's view of the merits of a case. (*Peat, Marwick, Mitchell & Co.* v. *Superior Court* (1988) 200 Cal.App.3d 272, 284 [245 Cal.Rptr. 873].) Absent express directions, we remain free to reach the same conclusion we did on our earlier review. (See, e.g., *U.D. Registry, Inc.* v. *Superior Court* (1995) 39 Cal.App.4th 1241, 1243 [46 Cal.Rptr.2d 363].)

### DISCUSSION

Penal Code section 1417.1 provides in part that "No order shall be made for the destruction of an exhibit prior to the final determination of the action

---

[1]Apparently notices were sent to over 150 defendants. Petitioners are the 23 who notified the public defender that they objected to the destruction.

or proceeding. For the purposes of this chapter, the date when a criminal action or proceeding becomes final is as follows: [¶] (a) When no notice of appeal is filed, 30 days after the last day for filing that notice. [¶] (b) When a notice of appeal is filed, 30 days after the date the clerk of the court receives the remittitur affirming the judgment. . . ." Penal Code section 1417.5 authorizes (and may even require) the court to "dispose" of exhibits in specified ways. For example, the owner may apply for return of tangible property. Unclaimed property may be sold, destroyed, or "otherwise disposed of," as may be appropriate. It is not disputed that proceedings as to all petitioners are "final" under the provisions of section 1417.1. ██ However, petitioners contend that because they may file a collateral attack on their convictions at some future date, the trial court is obligated to preserve the exhibits. Alternatively, they contend that at least the "paper exhibits" must be retained. We do not find their arguments compelling. Finally, they argue that the trial court was required to hold evidentiary hearings on each of their requests. In the proper case, there may be a right to a hearing but, on this record, we do not get to that issue.

### A. *No Denial of Due Process Has Been Demonstrated by Reason of the Lower Court's Adhering to the Provisions of Penal Code Sections 1417.1 and 1417.5*

Petitioners complain that Penal Code section 1417.1 does not recognize the possibility of a collateral attack. This is true, because the statute determines finality with reference solely to direct attack on the judgment through appeal. It is also true that due process requires that exhibits be kept until the appellate process is complete if adequate review requires the appellate court to examine the actual documents or other objects admitted at trial. (*In re Roderick S.* (1981) 125 Cal.App.3d 48, 53 [177 Cal.Rptr. 800] [reversal required where reporter's transcript does not contain sufficient evidence of illegality of knife, and the knife is not available for appellate examination]; cf. *People* v. *Pinholster* (1992) 1 Cal.4th 865, 919-923 [4 Cal.Rptr.2d 765, 824 P.2d 571] [holding that insubstantial omissions in the record do not implicate constitutional protections].) However, it does not follow that due process, or any other constitutional guarantee,[2] requires that exhibits be eternally maintained for potential use in a collateral attack, and absent any pertinent controlling authority, we decline to so hold.

Petitioners point to cases in which a successful petition for habeas corpus resulted in the annulment of a criminal conviction after many years. (E.g., *Bloom* v. *Calderon* (9th Cir. 1997) 132 F.3d 1267, in which relief was

---

[2]In *People* v. *Pinholster, supra,* 1 Cal.4th 865, for example, defendant argued that omissions in the record had an impact on the ability of his appellate attorney to provide constitutionally adequate representation.

granted eight years after the final affirmance on direct appeal.) It may well be, however, that the majority of such cases (like *Bloom*) are capital cases, in which the appeal process itself is lengthy and attempts at collateral relief often continue long after direct attack fails. Penal Code section 1417.1, subdivision (d), prohibits the destruction of exhibits in a capital case until 30 days after the execution of sentence. There is no contention here that the trial court is not complying with its obligation to retain such exhibits, and the memorandum issued by the court with respect to notification of proposed destruction expressly excepts capital cases.

█ ▪Our Supreme Court has repeatedly stressed that habeas corpus relief should be sought expeditiously, and that a petitioner risks the rejection of the petition for untimeliness if there is no explanation for any delay. (See *In re Clark* (1993) 5 Cal.4th 750, 775 [21 Cal.Rptr.2d 509, 855 P.2d 729].) Ideally, appellate counsel will pursue any inquiries which might lead to the preparation of a habeas corpus petition while he or she is handling a defendant's appeal. As *Clark* and myriad of other cases teach (see, e.g., *McCleskey* v. *Zant* (1991) 499 U.S. 467 [111 S.Ct. 1454, 113 L.Ed.2d 517]; *In re Swain* (1949) 34 Cal.2d 300, 302 [209 P.2d 793]), a convicted defendant is not entitled to seek relief by way of habeas corpus at the defendant's leisure. One sound reason for this approach is that it may be impossible to afford one side or the other, or both, a fair retrial after the lapse of many years. As the court noted in *In re Dixon* (1953) 41 Cal.2d 756, 761 [264 P.2d 513], "*evidence may have disappeared* and witnesses may have become unavailable." (Italics added.) █ Obviously the state cannot be responsible for monitoring the location of witnesses year after year, still less for preserving their memories; however, petitioners would put upon the state the obligation to preserve physical evidence essentially *in perpetuum.*

Although counsel asserted below that each of the petitioners was currently pursuing collateral relief, no evidence of such activity was presented except with respect to one of the original petitioners, Angel Louis Montanez, Jr. In a motion for reconsideration of the trial court's order, it was established that a federal habeas corpus petition had been prepared on Montanez's behalf and was currently pending. The trial court, apparently relying on a "good cause" provision in its policy memorandum, directed that the Montanez exhibits be maintained. The other petitioners have no more than an inchoate intention of someday filing some sort of unspecified challenges to their convictions. The petitioners in this case, other than Montanez, cannot rely on the Constitution to force the court into the position of eternal custodian.

Penal Code section 1417.1 authorizes the court to destroy exhibits after a specified lapse of time. We are unpersuaded by petitioners' broad due process arguments, which are unsupported by specific authority.

The trial court offered to release the exhibits to the public defender on petitioners' behalf. (See Pen. Code, § 1417.5.)[3] This offer was rejected, as counsel insisted that his office was "not in the business of maintaining exhibits." Counsel also argued that such a practice would create "chain of custody" problems, although the court felt that it would not be impossible to devise a suitable procedure.

By these arguments, petitioners simply attempt to force the court to store items rather than accepting responsibility for their own cases and interests.[4] Their arguments concerning the inconvenience and lack of security depend on the assumption that the court has a never-ending duty to preserve the integrity of every exhibit. We have rejected this claim.

Furthermore, it will virtually never be possible to recreate a trial with perfect exactitude. Witnesses disappear or forget; even evidence that is maintained by the court may deteriorate. We note too that the owner of a noncontraband exhibit has a right to its return. (Pen. Code, § 1417.5.) Do petitioners contend that this provision is unconstitutional because it might deprive them of the ability to obtain the exhibit? One may posit the case in which valuable items are introduced as exhibits; would petitioners believe it appropriate to force the owner into poverty while they lingered for years over the possibility of filing a collateral attack on a conviction? In short, the trial court had no duty to retain exhibits for petitioners' convenience where the statute properly provides for other routes of disposition.

B. *Government Code Section 68152 Does Not Require the Preservation of Exhibits*

Petitioners point out that Government Code section 68152, subdivision (e)(2) requires the courts to retain "court records" for a minimum of 75 years after a felony trial. "Court records" as defined in Government Code section 68151 includes "paper exhibits." Petitioners therefore argue that, at a minimum, the court is required to preserve "paper exhibits."

---

[3]The statute allows release to "a person establishing . . . a right to possession" of the exhibit. Except where an exhibit was lawfully possessed by the defendant, it does not appear that the statutes give him any greater right to it than the county, which generally retains unclaimed exhibits for sale or other disposition. Because the trial court offered to release exhibits in petitioners' cases to petitioners, we need not determine whether a defendant could assert a right to an exhibit not claimed by an owner, but having sufficient value that the county was unwilling to give it up and indicated a desire to sell it.

[4]Petitioners point out that the Legislature has the responsibility to fund "state mandated" programs such as the retention of exhibits, and argue that this responsibility should not be transferred to them or their agent, the public defender. What this argument fails to appreciate is that the Legislature has mandated only retention for a *limited time*. Presumably any funding supplied by the state will be calculated to cover only such limited retention.

What "paper exhibits" does the statute refer to? The answer is far from clear. Government Code section 68151, subdivision (a) defines "court records" to include "(1) All filed papers and documents in the case folder; . . ." and "(2) Administrative records filed in an action or proceeding, depositions, paper exhibits, transcripts, including preliminary hearing transcripts, and tapes of electronically recorded proceedings filed, lodged, or maintained in connection with the case, *unless disposed of earlier in the case pursuant to law*." (Italics added.)

In one respect this statute confirms that the trial court properly refused to maintain all of the exhibits, because subdivision (a)(2) of Government Code section 68151 was amended in 1996 to specify that paper exhibits were to be maintained, not simply "exhibits" in general. Thus, there is clearly no statutory authority for petitioners' broad demand for retention of all exhibits.

Although Government Code section 68150 requires the court to preserve "court records," it does not oblige the court to preserve the records in their original physical form. Instead, "court records" may be preserved "in any form of communication or representation" produced by accepted technological standards for reproduction. Thus, to the extent that "paper exhibits" are "court records," the court need not preserve them other than by photocopying, imaging, or whatever the current state of the art may be. This leads ineluctably to the conclusion that "court records" are limited to items that can be preserved in such a fashion. The statutory examples are instructive: "administrative records . . . depositions . . . transcripts. . . ."

Respondent further makes the compelling argument that the provision "unless disposed of earlier in the case pursuant to law" is intended to refer to Penal Code section 1417.1 et seq., so that if exhibits are destroyed, returned, or otherwise disposed of in accordance with those provisions, they need not be maintained under the Government Code. The trial court properly rejected petitioners' attempt to rely on Government Code section 68152.

Finally, there is nothing in the record to establish whether the court is in fact preserving as part of the record those "paper exhibits" which can be copied along with the motions, minute orders, transcripts, and other materials which form typical parts of "court records." In the absence of any showing one way or the other on the point, we will assume that "official duty is regularly performed." (Evid. Code, § 664; *People* v. *Jackson* (1996) 13 Cal.4th 1164, 1213 [56 Cal.Rptr.2d 49, 920 P.2d 1254].) We therefore take no action in this respect.

## C. *No Basis Exists for Requiring Individual Hearings on the Issue of Exhibits*

Finally, petitioners argue that the trial court should have conducted separate hearings on their requests. In our view this puts the burden in the wrong place. Penal Code section 1417.5 authorizes the trial courts to dispose of exhibits. We have found the statute not to be unconstitutional on its face. If petitioners wished to request preservation on the basis that destruction would in actuality affect a constitutional right, it was incumbent upon them to do more than merely state, in rote fashion, that they intended to file habeas corpus petitions at some unspecified time, raising unspecified issues, and without referring to or explaining the significance of any particular exhibit.

In *People* v. *Gonzalez* (1990) 51 Cal.3d 1179, 1260 [275 Cal.Rptr. 729, 800 P.2d 1159], the court stressed that after a conviction has been rendered, "all presumptions favor the truth, accuracy, and fairness of the conviction and sentence; *defendant* thus must undertake the burden of overturning them." (Original italics.) The principle is appropriately modified for application here. Any claim that a defendant has to the retention of his trial exhibits beyond the statutory period could only be justified by a specific, detailed showing concerning the potential merit of a collateral attack and the significance of particular exhibits to the defense. As no such showing was made here, the court was under no obligation to hold any type of individual hearings. We leave to a future case (or to the Legislature) the issue of whether a defendant is entitled to a hearing if he can show a good cause exception to routine destruction. Because petitioners here have not made an adequate showing, we do not reach the issue of whether any showing would be sufficient to require the court to retain exhibits.

### DISPOSITION

The alternative writ, having served its purpose, is discharged. The petition for writ of mandate is denied.

Richli, Acting P. J., and Gaut, J., concurred.

A petition for a rehearing was denied March 5, 1999, and petitioners' application for review by the Supreme Court was denied April 28, 1999.