**Stephen J. RANIERI, Petitioner,**

v.

**Cal TERHUNE, Respondent.**

No. CV 00–7745–R(SGL).

United States District Court, C.D. California.

March 29, 2005.

Counsel: Deputy Attorney General Lawrence M. Daniels.

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

REAL, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Final Report and Recommendation of the United States Magistrate Judge. The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

LARSON, United States Magistrate Judge.

This Final Report and Recommendation is submitted to the Honorable Manuel L. Real, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

Stephen J. Ranieri, a prisoner at the Calipatria State Prison, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is respondent's supplemental return, alleging that the petition must be dismissed because it is procedurally barred. Ranieri has filed his response. For the reasons set forth below, the Petition should be dismissed with prejudice.

I. BACKGROUND

On April 2, 1997, a jury convicted Ranieri of attempted murder with premedita-

tion and deliberation, and assault with a firearm. It also found as true allegations that Ranieri personally used a firearm in the commission of the offenses. (Pet. Response, Ex. B at 13–17). Ranieri filed a direct appeal to the California Court of Appeal on September 18, 1998. (Pet.Response, Ex. C). On January 18, 2000, the court of appeal modified Ranieri's sentence to 45 years to life and in all other respects affirmed the judgment.[1] (Pet. Response, Ex. D at 49–50).

Ranieri subsequently filed his first state petition for writ of habeas corpus to the California Supreme Court which was denied on October 27, 1999. (Pet.Response, Ex. E). Ranieri filed his second state habeas petition to the California Supreme Court on November 10, 1999. The second petition was denied on January 25, 2000, with a citation to *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), indicating that the court dismissed the petition as untimely filed. (Return, Exs. F and G). On March 24, 2000, Ranieri filed a third state habeas petition to the California Supreme Court raising the issues for the first time that he raises in the instant federal petition: (1) Ranieri's Fourth Amendment rights were violated because the affidavit in support of a search warrant contained false statements; (2) counsel provided ineffective assistance when he failed to object to an in-court identification; (3) counsel provided ineffective assistance when he failed to move for an expert on eye-witness testimony; (4) the trial court abused its discretion when it admitted testimony; (5) insufficient evidence supports Ranieri's conviction, and (6) Ranieri was denied his right to a transcript on appeal and his right to be present at every stage of trial proceedings. (First Amended Petition ("FAP") at 6–7A). On June 28, 2000, the California Supreme

Court summarily denied the third state petition, also with a citation to *Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, for untimely filed claims. (FAP, Ex. L). It is undisputed by the parties that this citation to *Clark* by the California Supreme Court reflects that Ranieri's third state habeas petition was rejected as unjustifiably untimely. *See id.* at 797, 21 Cal.Rptr.2d 509, 855 P.2d 729 ("untimely petitions will be summarily denied . . . ."), *see also In re Robbins,* 18 Cal.4th 770, 784, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998)(in order to avoid the bar of untimeliness, petitioner has the burden of establishing either: (1) absence of substantial delay; (2) good cause for the delay; or (3) that his claims fall within an exception to the bar of untimeliness (citing *Clark*)).

On August 3, 2000, Ranieri filed the present First Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Respondent filed a return on September 28, 2000, alleging that the issues in the petition are procedurally barred from review on federal habeas because the California Supreme Court denied Ranieri's third state habeas petition for untimeliness with a citation to *Clark.* (Return at 5–9). Ranieri filed a traverse on October 25, 2000. In response to this Court's order requesting supplemental briefing on the issue whether application of California's timeliness rule is an "independent" and "adequate" state procedural requirement, respondent filed a supplemental return on July 25, 2001. On August 7, 2001, Ranieri filed his supplemental traverse.

On June 10, 2002, this Court dismissed the case on the ground that the California Supreme Court's denial of Ranieri's third state habeas petition with a citation to *Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509,

---

**1.** Ranieri did not file a Petition for Review to   the California Supreme Court.

855 P.2d 729 (invoking California's rule barring untimely petitions), was an adequate and independent state procedural ground prohibiting relief. On November 4, 2003, the Ninth Circuit reversed and remanded in light of its intervening case, *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003), which articulated the federal procedures to be followed when the state has pleaded the existence of an independent and adequate state procedural ground as an affirmative defense. Pursuant to this Court's order requiring further briefing, respondent has filed a supplemental return and Ranieri has filed his response, addressing the applicability of the state procedural bar in light of *Bennett.*

This Court holds that, under the procedures set forth in *Bennett*, the California Supreme Court's citation to *Clark*, indicating that Ranieri's third habeas petition was denied for untimeliness, precludes federal review of Ranieri's claims.

## II. ANALYSIS

█ The procedural default doctrine forecloses federal review of a state prisoner's federal habeas claims if those claims were defaulted on in state court pursuant to a state law ground that is independent of any federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment"), *see Siripongs v. Calderon*, 35 F.3d 1308, 1317 (9th Cir.1994)("unless the state court makes clear that it is resting its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least in part

upon federal grounds, and the petitioner may seek relief in federal court").

### A. Independent State Ground

█ In order for a state procedural rule "to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir.2001), *Michigan v. Long*, 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). The basis for a decision is "interwoven" with federal law when "the state has made application of the procedural bar depend on an antecedent ruling on federal law ...." *Park v. California*, 202 F.3d 1146, 1152 (9th Cir.2000)(internal citation and quotations omitted).

Six years ago the California Supreme Court recognized that California courts routinely considered the federal constitutional merits of habeas petitions when determining whether petitions qualified for an exception to the *Clark* timeliness bar. *Robbins*, 18 Cal.4th at 812 n. 32, 814 n. 34, 77 Cal.Rptr.2d 153, 959 P.2d 311. However, the state high court also made it clear that the California courts would no longer consider the federal constitutional merits of state habeas petitions when enforcing the timeliness bar after their decision in *Robbins*. *Id.* at 811, 77 Cal.Rptr.2d 153, 959 P.2d 311 ("we shall, in this case and in the future, adopt the following approach as our standard practice. We need not and *will not decide* whether the alleged error actually constitutes a federal constitutional violation." (emphasis added)), *see Park*, 202 F.3d at 1152 ("The California Supreme Court has adopted in *Robbins* a stance from which it will now decline to consider federal law when deciding whether claims are procedurally defaulted.").

The Ninth Circuit held in *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2001), that after *Robbins* the California courts can no

longer consider federal law in making an untimeliness determination, and concluded that a post-*Robbins* application of the untimeliness rule is now independent of federal law. *Id.* at 581–82.

■ Here, the California Supreme Court denied Ranieri's third habeas petition on June 28, 2000, nearly two years after *Robbins* was decided on August 3, 1998. Thus, the "independent" prong of the procedural-default analysis is satisfied because Ranieri's case involves a post-*Robbins* application of California's untimeliness rule.

## B. *Adequate State Ground*

■ The next step is to determine whether the procedural bar was an adequate state ground barring habeas review. A state procedural rule is "adequate" if it is "well established and consistently applied" at the time of the default. *Bennett,* 322 F.3d at 583 (citing *Poland v. Stewart,* 169 F.3d 573, 577 (9th Cir.1999)("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.")), *see Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988)("For a state procedural rule to be 'adequate' to foreclose federal review, it must be 'strictly or regularly followed.' "), *Bean,* 96 F.3d at 1129 (state procedural bar must be clear, consistently applied, and well-established at the time of alleged default).

In *Bennett,* the Ninth Circuit reversed and remanded a district court decision that found California's untimeliness rule (invoked by the state court with citations to *Clark* and *Robbins*) was an "adequate" state procedural ground that barred review of petitioner's claims. *Id.* at 583–86. According to the higher court, the district court erred because it did not properly apply Ninth Circuit precedent when it determined that California had regularly and consistently applied the untimeliness bar in habeas cases. *Id.* at 583–84. *Bennett* outlined the proper procedure for the district court to follow.

First, *Bennett* described the allocation of the burden of proof in determining whether a procedural bar meets the "adequate" prong of the independent and adequate test for procedural bar:

> [W]e conclude that the ultimate burden of proving the adequacy of the California state bar is upon the State of California .... Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Bennett,* 322 F.3d at 586.

Next, the court provided two guideposts to direct the state toward satisfying its initial burden to adequately plead the existence of a procedural bar: (1) capital and noncapital cases are different; and (2) do not delve into the record to discern what the state court did to invoke the procedural bar. *Id.* at 583–84. On this first point, *Bennett* criticized the district court's analysis of California's timeliness bar because it heavily relied on a case (*Deere v. Calderon,* 890 F.Supp. 893, (C.D.Cal.1995)) which examined California's timeliness procedural bar solely in capital cases—*Bennett* was not a capital case. *Bennett,* 322 F.3d at 583–84. On the second point, the higher court found that *Deere* followed an improp-

er procedure that was inconsistent with Ninth Circuit precedent. That is, "it [the *Deere* court] analyzed the basis for the state court decisions denying post-conviction relief based on a *post hoc* examination of the pleadings and record rather than the text of the state court opinions. While we have not decided, and do not decide this precise issue in this context, our precedent suggests any review should be limited to the language of the state court opinions." *Id.*

■ In light of the above, *Bennett* provides three principles that govern this Court's analysis of whether the untimeliness procedural bar is "adequate," (*i.e.,* well established and consistently applied): (1) Respondent bears the initial burden to adequately plead the existence of an independent and adequate state procedural ground as an affirmative defense; (2) the court must look to the application of the timeliness rule in both capital and noncapital cases; and (3) the court must analyze the foundation for the state court decisions based on the text of the state court decisions, not the pleadings and record below. *See Dossman v. Newland,* 2004 WL 302335, *6 (N.D.Cal.2004)("In [*Bennett*], the rules to determine adequacy are: (1) respondent bears the ultimate burden of proof; (2) do not look at the application of the untimeliness rule only in capital cases; and (3) do not look beyond the text of state court decisions to determine what the state court did.").

In 1993, the California Supreme Court in *Clark* specifically articulated a well-defined rule for prospective application of California's timeliness bar:

> [A]bsent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, untimely petitions will be summarily denied. The only exception to this rule are petitions which allege facts which, if

proven, would establish that a *fundamental* miscarriage of justice occurred as a result of the proceedings leading to conviction and/or sentence.

> [F]or purposes of the exception to the procedural bar against ... untimely petitions, a "fundamental miscarriage of justice" will have occurred in any proceeding in which it can be demonstrated: (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner was convicted; (3) that the death penalty was imposed by a sentencing authority which had such a grossly misleading profile of the petitioner before it that absent the trial error or omission no reasonable judge or jury would have imposed a sentence of death; (4) that the petitioner was convicted or sentenced under an invalid statute.

*Clark,* 5 Cal.4th at 797–98, 21 Cal.Rptr.2d 509, 855 P.2d 729 (footnotes omitted). The court also noted that, "Our decisions have consistently required that a petitioner explain and justify any substantial delay in presenting a claim" and that the adoption of policies promulgated in capital cases "did not create or modify the timeliness requirements applicable to *all* habeas cases." *Id.* at 783, 21 Cal.Rptr.2d 509, 855 P.2d 729 (emphasis added). By articulating a clear timeliness rule and insisting that the rule has been required consistently in the past, the *Clark* court put would-be petitioners in both capital and noncapital cases on notice that previously established timeliness standards would be followed by California Courts from that point forward. *Bennett,* 322 F.3d at 583 (*Clark* clearly "attempted to set out a definite

rule for prospective application" of the untimeliness rule).[2]

The Ninth Circuit has recognized that before *Clark*, California's timeliness bar was applied inconsistently under certain circumstances. *See Calderon v. United States Dist. Court (Bean)*, 96 F.3d 1126, 1130 (9th Cir.1996)("we found 'so much variation in application of California's timeliness requirements before *Clark* that ... no discernable clear rule then existed for petitions filed more than 90 days after the due date of the reply brief on direct appeal.'" (*quoting Morales v. Calderon*, 85 F.3d 1387, 1391 (9th Cir.1996))). However, because the issue was not relevant to their holding, the Ninth Circuit expressed no opinion whether *Clark* clarified California's timeliness rule to render *prospective* application of the timeliness requirements as articulated in *Clark* an "adequate" bar to federal review.[3] *Id.*

Respondent provides cases that support his contention that, subsequent to *Clark*, California Courts have consistently applied *Clark*'s untimeliness bar. Respondent cites to *Bennett*, which recognized that in 1993 the California Supreme Court's *Clark* decision set a definite rule for timeliness for prospective application. *Bennett*, 322 F.3d at 583, (Supp. Return at 4). Although *Bennett* noted that setting a rule for prospective application does not necessarily mean that the state courts would consistently apply the bar (*see id.* at 583), there is no evidence that the California Supreme Court's practice is to not follow its own rule in noncapital cases or that it applies its own rules inconsistently. Respondent also cites to *In re Sanders*, 21 Cal.4th 697, 703, 87 Cal.Rptr.2d 899, 981 P.2d 1038 (1999), a California Supreme Court case that identified the timeliness requirements in capital and noncapital cases and insisted that the court enforces such requirements. *See Sanders* at 703, 87 Cal.Rptr.2d 899, 981 P.2d 1038 ("we enforce time limits on the filing of petitions for writs of habeas corpus in noncapital cases ... as well as in cases in which the death penalty has been imposed").

California Court of Appeal decisions have also indicated that the California Supreme Court's timeliness principles have been consistently applied by the state courts in noncapital cases since *Clark*. In *Augustine v. Superior Court*, 71 Cal. App.4th 990, 84 Cal.Rptr.2d 487 (1999), the California Court of Appeal noted in a noncapital case that, "Our Supreme Court has *repeatedly stressed* that habeas corpus relief should be sought expeditiously, and that a petitioner risks the rejection of the petition for untimeliness if there is no explanation for any delay. (*See In re Clark* (1993) 5 Cal.4th 750, 775, 21 Cal.Rptr.2d 509, 855 P.2d 729) .... [A] convicted defendant is not entitled to seek relief by way of habeas corpus at defendant's leisure." *Id.* at 994, 84 Cal.Rptr.2d 487 (emphasis added). *See also In re Jones*, 32 Cal.Rptr.2d 473 (1994)(depublished noncapital case)[4] ("Where 'unreasonable delay

---

**2.** *Bennett* also recognized that just because the California Supreme Court in *Clark* intended to create a rule that would be consistently applied by the state courts, it did not necessarily follow that the rule would be so applied. *Bennett*, 322 F.3d at 583.

**3.** "There is no dispute that [petitioner's] default, if any, would have occurred before *Clark* was decided." *Bean*, 96 F.3d at 1130.

**4.** The Ninth Circuit has recognized that the assessment of the adequacy of a state procedural default practice also includes the consideration of unpublished dispositions. *Powell v. Lambert*, 357 F.3d 871, 879–80 (9th Cir.2004)("Unpublished decisions are not irrelevant to a determination of a court's actual practice. Indeed, to the extent that decisions of the state court are published because they involve only routine application of state court rules, unpublished decisions are a particularly

is reflected on the face of the petition[,]' a summary denial of the petition is in order. (*In re Clark* (1993) 5 Cal.4th 750, 798 fn. 35, 21 Cal.Rptr.2d 509, 855 P.2d 729.). Further, it has been 'consistently required that a petitioner explain and justify any substantial delay in presenting a claim.'").

▮▮▮▮ As respondent asserts, the Ninth Circuit did not specifically describe the requirements to meet the initial burden to "adequately plead" the affirmative defense of procedural bar. However, three requirements appear sufficient: (1) Identify the substantial post-*Clark* delay; (2) provide the Supreme Court Order denying the claim as untimely; and (3) cite to post-*Clark* cases which identify California's timeliness standards. Here, respondent argues as follows:

(1) Ranieri failed to file his third state habeas petition (which is the only petition that raises the claims in the present federal petition) without substantial delay because he filed it "about two years and nine months after his sentencing." (Supp. Return at 3). Respondent argues that this delay was substantial because Ranieri's second state habeas petition, filed four months before, was denied as untimely. (Supp. Return at 4, *see* Traverse, Ex. G).

(2) The California Supreme Court denied Ranieri's petition with a citation to *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, indicating that the court dismissed the petition as untimely.

(3) Finally, *Bennett* acknowledges that the California Supreme Court in *Clark* "attempted to set out a definite rule [of untimeliness] for prospective application". (*Bennett*, 322 F.3d at 583), and since *Clark*, the California courts have reiterated that the untimeliness principles will be imposed on writ of habeas corpus petitions.

useful means of determining actual prac-

This Court concludes that the respondent has "adequately pled" that the untimeliness rule is an independent and adequate state procedural ground and therefore the California Supreme Court's ruling on Ranieri's third state habeas petition acts as a procedural bar to federal review of his claims. The burden to place this affirmative defense in issue shifts to Ranieri, who may satisfy his burden by asserting factual allegations that demonstrate the inadequacy of the state procedure. *Bennett* at 586. Ranieri, however, has failed to assert any factual allegations that show the *Clark* timeliness bar is inadequate and fails to offer this Court citation to authority demonstrating inconsistent application of the timeliness rule by the state courts. *Id.* Thus, under these circumstances, the burden does not shift back to respondent and he is relieved from any further duty to carry his "ultimate burden" under *Bennett.*

Ranieri's procedural default may be excused if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or that failure to consider the merits of his claims will result in a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750, 111 S.Ct. 2546. Ranieri does not attempt to make such a showing in his Response to Respondent's Supplemental. Return, and the record before this Court does not indicate that he could make such a showing. Instead, he claims that the delay in this case was not substantial. That is, he alleges that his third habeas petition was not untimely because he filed his *first* state habeas petition only two months after the state court of appeal affirmed his conviction on direct appeal. (Response at 8). This contention is unpersuasive because whether Ranieri's first habeas petition was timely filed is irrelevant. It is undisputed

tice.").

that Ranieri's third habeas petition, which raises the same claims in the instant federal petition, contained new claims for relief raised for the first time on March 24, 2000. Thus, the state petition was filed nine months after the court of appeal's decision—and three years after Ranieri's conviction. *See Clark,* 5 Cal.4th at 765 n. 5, 21 Cal.Rptr.2d 509, 855 P.2d 729. ("Delay in seeking habeas corpus or other collateral relief has been measured from the time a petitioner becomes aware of the grounds on which he seeks relief. That time may be as early as the date of conviction."). Moreover, Ranieri's *second* state petition, filed four months earlier than his third petition, was also denied by the California Supreme Court with a citation to *Clark,* indicating that it was dismissed as untimely. (Return, Ex. G). Under these circumstances, Ranieri's assertion that his third state habeas petition was timely filed is not convincing.

## C. *Ranieri's Objections to the Report and Recommendation*

In his Objections to the Report and Recommendation of United States Magistrate Judge, Ranieri argues for the first time that his procedural default should be excused. Specifically, he argues that under *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), his ineffective assistance of counsel claims asserted in his First Amended Petition provide "cause" for the default. (Objections at 8–19). His claim is not persuasive.

■ The *Murray* Court recognized that the existence of cause for a procedural default "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 488, 106 S.Ct. 2639. A petitioner may demonstrate an objective impediment to compliance with a

procedural rule by showing that "the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable." *Id.* (internal citations and quotation marks omitted). *Murray* also noted that a procedural default could be excused for cause when the default occurred because counsel provided ineffective assistance. *Id.* If a petitioner asserts that the default was caused by ineffective assistance, the petitioner must also show that the ineffective assistance claim was exhausted in the state courts. *See id.* at 489, 106 S.Ct. 2639 ("a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default").

■ Here, Ranieri does not allege that an "objective factor" external to his defense impeded counsel's ability to assert his claims, or that the procedural default occurred because his counsel rendered ineffective assistance. Rather, he repeatedly asserts that his default on each claim should be excused because he had alleged exhausted ineffective assistance of counsel claims in his present petition. (*See, e.g.,* Objections at 10 ("because Ranieri's ineffective assistance [of] counsel claim is exhausted .... it may serve as cause for Ranieri's procedural default")).

As noted in section I, Ranieri's claims are procedurally defaulted because his state habeas petitions were untimely filed in the California Supreme Court. The fact that he has asserted ineffective assistance claims in his present petition is irrelevant to whether either trial or appellate counsel caused him to untimely file these petitions. (*See* FAP at 6–7 (counsel provided ineffective assistance when he failed to object to an in-court identification, counsel provided ineffective assistance when he failed to move for an expert on eye-witness testimo-

ny)). Thus, Ranieri's contention that his procedural default may be excused because counsel provided ineffective assistance at trial or on appeal is without merit. *See Murray*, 477 U.S. at 486, 106 S.Ct. 2639 ("the mere fact that counsel failed to recognize the factual or legal basis for a claim [at trial], or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default").

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Final Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and dismissing this action with prejudice.

Dated March 30, 2005.