[Crim. No. 18243. Second Dist., Div. Four. May 26, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
EVELYN CLARK, Defendant and Appellant.

[Civ. No. 38193. Second Dist., Div. Four. May 26, 1971.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
DAVID TAIT, Real Party in Interest.

(Consolidated Cases.)

## COUNSEL

Robert C. Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Paul H. Sweeney and Russell Iungerich, Deputy Attorneys General, for Plaintiff and Respondent.

David D. Miner, District Attorney, A. Barry Cappello, Assistant District Attorney and Zel Canter, Deputy District Attorney, for Petitioner.

George P. Kading, County Counsel, and Dana D. Smith, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

## OPINION

**KINGSLEY, J.**—Although separately filed, briefed and argued, we have elected to deal with the above two matters in this single opinion because they both raise problems concerning the jurisdiction and powers of a superior court in cases involving felony offenses connected with misdemeanor offenses.

In Crim. No. 18243, defendant Clark was charged with a violation of section 11482 of the Welfare and Institutions Code, a misdemeanor, and with a violation of subdivision 1 of section 487 of the Penal Code, a felony. The misdemeanor count and the felony count were properly and necessarily joined by virtue of the rule of *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 826 [48 Cal.Rptr. 366, 409 P.2d 206]. After defendant was bound over to trial in superior court, the matter was continued several times because of a pending Supreme Court decision. In *People* v. *Gilbert* (1969) 1 Cal.3d 475, 479-480 [82 Cal.Rptr. 724, 462 P.2d 580] the Supreme Court held that a prosecution for welfare fraud could not be prosecuted as grand theft under Penal Code section 487 and that only a prosecution under the misdemeanor statute was permissible. Based on the holding in *Gilbert,* the grand theft count was dismissed on motion by the People, leaving only the misdemeanor count standing against defendant Clark.

She moved to have the case dismissed on the ground that the superior court had no jurisdiction over a misdemeanor not joined with a felony; the motion was denied. Defendant's petition for a writ of prohibition was denied by this court without opinion.[1] The case was then submitted to the trial court on the transcript of the preliminary examination; she was found guilty; proceedings were suspended and defendant was placed on probation. She has appealed from the judgment (order granting probation); we affirm.

In Civ. No. 38193, defendant Tait was charged by information with a violation of section 11503 of the Health and Safety Code (offer to sell a narcotic and delivery of a non-narcotic substance). That offense is one of the offenses which may be punished, at the discretion of the trial court, either by a county jail sentence or by a state prison sentence. By long established law, when filed as a felony, it remains a felony unless and until a misdemeanor sentence is pronounced.[2] When defendant appeared for arraignment, the superior court, on its own motion and over the objection of the district attorney: (a) amended the information by striking out the word "felony" and inserting in lieu thereof the word "misdemeanor" and

---

[1]Clark v. Superior Court, 2d Civ. No. 35929. Since the denial was without opinion, it does not prevent a consideration of the issues now raised.

[2]As the trial court pointed out in its remarks hereinafter quoted, by virtue of subparagraph (4) of subdivision (b) of section 17 of the Penal Code (added by Stats. 1969, ch. 1144, p. 2214, § 1), such an offense is a misdemeanor from its inception if the prosecuting attorney elects (with the consent of the defendant) to file a complaint so declaring. By virtue of subparagraph (5) of that same subdivision, the *magistrate* may, at the preliminary hearing, with the consent of the prosecuting attorney and the defendant, convert a *complaint* charging a felony into a misdemeanor.

by striking out the words "and feloniously" after the printed words "wilfully, unlawfully"; and (b) then "certifying" the information, as so amended, back to the Municipal Court of the Santa Barbara-Goleta Judicial District for further proceedings. The court explained its reasons for so acting in the following words: "The court is unaware that this offense has ever been ultimately disposed of as a felony, although the Code does make it an alternative felony-misdemeanor. The Court is aware that the departments of this court are so jammed with criminal cases that it is an undue and unreasonable imposition on the court and on the judges of this court to entertain matters of this nature in the Superior Court. The law has been amended to provide for the filing of these kinds of charges in the Municipal Court; that is where they ultimately would be disposed of and that is where this case is now being certified."

The People have petitioned for a writ of mandate seeking to vacate the order so made and to direct the superior court to proceed with the prosecution in that court. We grant a writ in the terms hereinafter set forth.

I

Prior to its amendment in 1966, the California Constitution (art. VI, § 5), provided as follows: "The superior courts shall have original jurisdiction in all . . . criminal cases amounting to felony, and cases of misdemeanor not otherwise provided for; . . ."

Under that provision it was originally held that the superior court lacked jurisdiction to try a misdemeanor count, whether or not it was joined with a felony count. (*People* v. *Rodriquez* (1962) 202 Cal.App.2d 191 [20 Cal.Rptr. 556].) However, in 1966, the Supreme Court expressly disapproved of *Rodriquez* and, in *Kellett* v. *Superior Court* (1966) *supra*, 63 Cal.2d 822, held that such a joinder was not only permissible but, under most circumstances, necessary where the two offenses were joinable under the rules governing joinder in criminal cases. The 1966 revision of the California Constitution substituted for the previous language the provision (Cal. Const., art. VI, § 10) that: "Superior courts have original jurisdiction in all causes except those given by statute to other trial courts."

Insofar as the problems before us in these two cases are concerned, we can see no material difference in the effect of the old and new provisions.

It has long been, and so far as we can see it still is, well settled that the superior court has no jurisdiction to try a case on an accusatory pleading charging only misdemeanors (*In re Luna* (1927) 201 Cal. 405 [257 P. 76]; *People* v. *Smith* (1964) 231 Cal.App.2d 140 [41 Cal.Rptr. 661]).

■ Where a defendant is charged with a felony, but the court or jury finds him guilty of a lesser and included offense which is only a misdemeanor, jurisdiction remains in the superior court for the purpose of sentence and subsequent proceedings. (*People* v. *Spreckels* (1954) 125 Cal. App.2d 507 [270 P.2d 513].) ■ Where the defendant is charged with a felony and a misdemeanor offense that are connected in their commission, the superior court has jurisdiction to try the misdemeanor count (*In re McKinney* (1968) 70 Cal.2d 8, 13 [73 Cal.Rptr. 580, 447 P.2d 972]), and to convict of, and sentence for, the misdemeanor even though the jury failed to arrive at a verdict on the felony count. (*People* v. *Brown* (1970) 10 Cal.App.3d 169, 173-175 [88 Cal.Rptr. 801].)

In *Gomez* v. *Superior Court* (1958) 50 Cal.2d 640 [328 P.2d 976], the defendants had originally been charged with grand theft; the jury convicted them of petty theft; that conviction was reversed on appeal. The Supreme Court, after holding that the verdict constituted an acquittal of grand theft so that they could not be retried for that felony, issued its writ prohibiting a retrial in superior court and ordering the case transferred to the appropriate justice court.

In *People* v. *Hardin* (1967) 256 Cal.App.2d Supp. 954 [64 Cal.Rptr. 307], several co-defendants were properly charged by complaint with both felony and misdemeanor counts. Following a preliminary hearing, the magistrate bound all defendants over to superior court, although he dismissed the felony charge as to some of the defendants. The superior court then remanded to the municipal court all those defendants who were not charged with both a felony and misdemeanor, and retained jurisdiction over those defendants charged with both the felony and misdemeanor. The appellate division in *Hardin* held that, where the felony count is dismissed, the magistrate at the termination of the preliminary hearing should have had those defendants arraigned in municipal court.

*Castro* v. *Superior Court* (1970) 9 Cal.App.3d 675, 704-708 [88 Cal. Rptr. 500], involved a case similar to the one at bench, in that a misdemeanor count had properly been joined with felony counts under the compulsion of *Kellett*. After a motion to dismiss the indictment under section 995 of the Penal Code had been made and denied, the defendants applied for a writ of prohibition under section 999a. The appellate court granted the writ as to the felony counts; as to the misdemeanor count it denied the writ with directions to the trial court to determine certain factual issues with reference to the possible application of section 1387 of the Penal Code.

■ Obviously, none of the cases above discussed deal with the exact problem facing us in Crim. No. 18243. However, in none of them, was a

superior court allowed to proceed with a *trial* where the felony count or counts had been eliminated before trial. Even in *Castro* the direction was that the superior court determine a pretrial issue; the opinion is silent as to where the misdemeanor count should ultimately be tried if it survived the attack under section 1387.

In an article appearing in the San Diego Law Review (Bein, *Implementation of Kellett's Command: Joinder of Misdemeanor and Felonies in Superior Court* (1970) 7 San Diego L.Rev. 1) it is argued that section 1462.2 of the Penal Code—a section traditionally thought to apply only to changes of venue—is broad enough in its language to supply the statutory authority herein involved. That section reads as follows: "Except as otherwise provided in the Vehicle Code, the proper court for the trial of criminal cases amounting to misdemeanor shall be determined as follows: If there is a municipal or justice court, having jurisdiction of the subject matter of the case, established in the district within which the offense charged was committed, such court is the proper court for the trial of the case; otherwise, the court, having jurisdiction of the subject matter, nearest to the place where the offense was committed is the proper court for the trial of the case.

"If an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof other than the court herein designated as the proper court for the trial, the action may, notwithstanding, be tried in the court where commenced, unless the defendant at the time he pleads, requests an order transferring the action or proceeding to the proper court. If after such request it appears that the action or proceeding was not commenced in the proper court, the court shall order the action or proceeding transferred to the proper court. The judge must, at the time of arraignment, inform the defendant of his right to be tried in the district wherein the offense was committed."

We agree that section 1462.2 applies. While this is contrary to the *result* in *Gomez,* that case did not discuss the issue which now faces us; everyone seems to have assumed that, if only the misdemeanor count was triable, the superior court had lost power to try it and the opinion, after discussing the double jeopardy issue at length, merely concludes with an order that the prerogative writs sought should issue.[3] To apply section 1462.2 as suggested gives full effect to the policy that a court having once acquired jurisdiction over a proceeding should conclude it while still allowing a

---

[3]Since the issue was not discussed in the opinion, the *result* is not authority. (*General Motors Accept. Corp.* v. *Kyle* (1960) 54 Cal.2d 101, 114 [4 Cal.Rptr. 496, 351 P.2d 768].)

defendant to have his case heard in the lower court if that seems to him to be desirable.

However, in Crim. No. 18243, the defendant did not seek the remedy of transfer; the relief requested was an absolute dismissal—to which she was not entitled. We cannot see that the defendant was prejudiced by the omission. Had the case been transferred, presumably it would have been tried on the same evidence, with the same result. She could not have hoped for a disposition more favorable.

 The situation in Civ. No. 38193 is quite different. There the court had the undoubted power to proceed with the trial of the sole count—a felony—filed with it. Section 1462.2, even as we have above construed it, would not apply to the situation before the court, since the pleading originally filed was not one which a municipal or justice court had subject matter jurisdiction to try. We know of no authority for a superior court, on its own motion and over the objection of the People, to "amend" an information properly filed. But, absent the purported "amendment," the case presented only a felony count, not triable elsewhere.

 The Legislature has determined that violations of section 11503 of the Health and Safety Code may, under some circumstances, justify treatment as a felony. The discretion to choose between treatment as a felony or as a misdemeanor is given, in the first instance, to the prosecuting attorney (Pen. Code, § 17, subd. (b)(4)); next a power to select the class of treatment is given to the magistrate at the preliminary hearing (Pen. Code, § 17, subd. (b)(5)), but *only* with the concurrence of the prosecuting attorney. The power of the superior court to reduce the grade of the particular offense is limited to its power to pronounce a misdemeanor sentence, which has the effect of accomplishing such a reduction from that time forward (Pen. Code, § 17, subd. (b)(1)). In each instance, the reduction is dependent on a determination by the official who, at the particular time, possesses knowledge of the special facts of the individual case and may, therefore, intelligently exercise the legislatively granted discretion. The action here taken by the superior court was one not based on any knowledge of the individual case before it but, expressly, was one taken on the basis of that court's disagreement with the legislative policy for the kind of offense involved; no such power exists.

## II

In Crim. No. 18243, defendant also raises two contentions not going to the jurisdiction of the superior court. On her behalf, counsel argues: (1) That the submission of the case on the preliminary transcript

constituted inadequate representation by counsel; and (2) that the imposition of a fine of $150 as a condition of probation was cruel and unusual punishment.

(1) There is nothing in the record before us to indicate that submission on the transcript was not sound trial tactics or that defendant had anything to gain by insisting on a second hearing on the facts. The case was tried before the decision in *In re Mosley* (1970) 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473], so that the procedural requirements imposed by that decision did not apply. (*People* v. *Gallegos* (1971) 4 Cal.3d 242 [93 Cal. Rptr. 229, 481 P.2d 237].)

(2) We can see no abuse of discretion in imposing a fine (payable in installments) in addition to requiring reimbursement of the moneys illegally acquired by defendant through her proven fraud.

In Crim. No. 18243, the judgment (order granting probation) is affirmed.

In Civ. No. 38193, let a peremptory writ of mandate issue, directing the superior court to vacate its orders purporting to amend the information and certifying the case to a municipal court and directing it, thereafter, to proceed in accordance with this opinion.

Files, P. J., and Jefferson, J., concurred.