Filed 11/14/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY SCOTT,<br><br>    Defendant and Appellant. | H037681<br>(Santa Clara County<br>Super. Ct. No. C1107516) |

Following a preliminary hearing, on June 15, 2011, Anthony Scott (Scott) was held to answer to one count of second degree robbery (Pen. Code, §§ 211-212.5, count one). Subsequently, on June 23, 2011, the Santa Clara County District Attorney filed an information in which Scott was charged with one count of second degree robbery (§§ 211-212.5, count one),[1] one misdemeanor count of grand theft (§§ 484-487, count two), one count of battery (§§ 242-243, subd. (a), count three) and one count of disturbing the peace (§ 415, count four).

On June 27, 2011, at a hearing before Judge Pennypacker on the Master Trial Calendar, the District Attorney moved the court to dismiss count one (the only felony) for insufficiency of the evidence. After the court dismissed the robbery count, the court asked defense counsel, "And the pleas as to Counts 2, 3, and 4, the misdemeanors?" Defense counsel responded, "Not guilty, Your Honor." The matter was continued for a pretrial conference until July 5 on a time not waived basis.

---

[1] All undesignated section references are to the Penal Code.

On July 5, 2011, Scott entered a time waiver and the matter was continued to August 2, 2011, in Department 49. On August 2, the matter was continued again until September 1, in Department 49. Eventually, on the day set for trial in Department 47—November 14, 2011—the prosecutor filed a "First Amended" misdemeanor complaint in which Scott was charged with one count of petty theft of personal property (§§ 484, subd. (a)-488, count one) one count of battery (§§ 242-243, subd. (a), count two) and one count of disturbing the peace (§ 415, count three). After a jury trial on these three misdemeanors, Scott was found guilty as charged.

On November 22, 2011, Scott filed a "Misdemeanor" notice of appeal.

*Appellate Jurisdiction*

At the outset of this case, we questioned whether appellate jurisdiction was vested in this court or the appellate division of the superior court.

We asked the parties to brief the issue. The Attorney General responded that appellate jurisdiction in this case was vested in the appellate division of the superior court. Therefore, pursuant to this court's inherent power to ensure the orderly administration of justice, the Attorney General requested that we transfer the matter there. Scott did not agree. Scott argued that the misdemeanor complaint filed in this case should not defeat jurisdiction because it was a formality, filed on the first day of trial, which did not change the essential nature of the case. Scott asserted that the charging document that vested jurisdiction in this court had already been filed and the amended pleading merely reduced the grand theft charge to petty theft and a new case number was not assigned. Scott contended that there is no reason to treat this case as anything but a felony for purposes of determining appellate jurisdiction.

On May 10, 2013, we transferred jurisdiction over this case to the appellate division of the superior court for disposition.

Subsequently, Scott petitioned the California Supreme Court to review our interlocutory order. The Supreme Court granted review and transferred the case back to

2

this court with directions to vacate our May 10, 2013 order transferring the case to Santa Clara County Superior Court Appellate Division, and to order respondent to show cause why the appeal in *People* v. *Scott,* H037681, should not be heard by this court. Respondent has filed a return to the order to show cause and Scott has filed a reply.

For the following reasons, we conclude after considering the arguments of the parties that appellate jurisdiction over this case is vested in the Santa Clara County Superior Court Appellate Division. It is commonly understood that a "grant and transfer" order does not necessarily reflect the high court's view of the merits of a case. (*Peat, Marwick, Mitchell & Co. v. Superior Court* (1988) 200 Cal.App.3d 272, 284.) Absent express directions, we remain free to reach the same conclusion we did in our earlier review of this issue. (See, e.g., *U.D. Registry, Inc. v. Superior Court* (1995) 39 Cal.App.4th 1241, 1243.)

*Discussion*

California Rules of Court, rule 8.304 (hereafter rule 8.304) governs the filing of appeals in the Court of Appeal. Subdivision (a) provides in pertinent part, "(1) To appeal from a judgment or an appealable order of the superior court in *a felony* case . . . the defendant or the People must file a notice of appeal in that superior court. . . . [¶] (2) As used in (1), 'felony case' means any criminal *action in which a felony is charged, regardless of the outcome. . . .* [It] includes an action in which the defendant is charged with: [¶] (A) A felony and a misdemeanor or infraction, but is convicted of only the misdemeanor or infraction; [¶] (B) A felony, but is convicted of only a lesser offense; or [¶] (C) An offense filed as a felony but punishable as either a felony or a misdemeanor, and the offense is thereafter deemed a misdemeanor under . . . section 17(b)." (Italics added.)

Similarly, section 1235, subdivision (b) provides that "[a]n appeal from a judgment or appealable order in a felony case is to the court of appeal for the district in which the court from which the appeal is taken is located."

3

Section 691 provides the necessary definitions. " 'Felony case' means a criminal action in which a felony *is charged* and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony." (§ 691, subd. (f), italics added.) A " '[m]isdemeanor or infraction case' means a criminal action in which a misdemeanor or infraction *is charged* and does not include a criminal action in which a felony is charged in conjunction with a misdemeanor or infraction." (§ 691, subd. (g), italics added.)

The Advisory Committee Comment to rule 8.304 explains that rule 8.304 "makes it clear that a 'felony case' is an action in which a felony is charged *regardless of the outcome of the action*." The comment goes on to state, "[t]hus the question whether to file a notice of appeal under this rule or under the rules governing appeals to the appellate division of the superior court (rule 8.700 et seq) is answered simply by examining the accusatory pleading: if that document charged the defendant with at least one count of felony (as defined in . . . section 17(a)), the Court of Appeal has appellate jurisdiction and the appeal must be taken under *this rule even if the prosecution did not result in a punishment of imprisonment in the state prison*. [¶] It is settled case law that an appeal is taken to the Court of Appeal not only when the defendant is charged with and convicted of a felony, but also when the defendant is charged with both a felony and a misdemeanor (Pen. Code, § 691(f)) but is convicted of only the misdemeanor (e.g. *People v. Brown* (1970) 10 Cal.App.3d 169); when the defendant is charged with a felony but is convicted of only a lesser offense (Pen. Code, § 1159; e.g. *People v. Spreckels* (1954) 125 Cal.App.2d 507); and when the defendant is charged with an offense filed as a felony but punishable as either a felony or a misdemeanor, and the offense is thereafter deemed a misdemeanor under . . . section 17(b) (e.g. *People v. Douglas* (1999) 20 Cal.4th 85; *People v. Clark* (1971) 17 Cal.App.3d 890). [¶] Trial court unification did not change this rule . . . ." (Italics added.)

4

A review of the cases cited in the Advisory Committee Comment quoted above convinces this court that this case is a misdemeanor case.

In *People v. Brown*, *supra*, 10 Cal.App.3d 169 (*Brown*), which was decided prior to unification of the municipal and superior courts, an information accused the defendant of a felony (burglary) and a misdemeanor (contributing to the delinquency of her two minor daughters). (*Id.* at p. 171.) The jury deadlocked on the burglary charge but found the defendant guilty of contributing to her daughters' delinquency. She was sentenced to county jail and fined. (*Ibid.*)

In *People v. Spreckles*, *supra*, 125 Cal.App.2d 507 (*Spreckels*), the defendant was charged with the crime of assault by means of force likely to produce great bodily injury, a felony. (Pen. Code, § 245.) Following a trial on that charge, the jury returned the following verdict; " 'Guilty of the crime of Misdemeanor, to wit, Simple Assault, a lesser offense necessarily included within the crime charged.' " (*Id*. at p. 509.)

In *People v. Douglas, supra,* 20 Cal.4th 85 (*Douglas*), the defendant was charged with one count each of obtaining by a false declaration more than $400 in health care benefits, for which he was ineligible (Welf. & Inst. Code, § 14014), and grand theft from the State of California (Pen. Code, § 487, subd. (a)), both charged as felonies. He pleaded no contest to both counts. According to the change of plea form and colloquy, the defendant's plea was based on representations from the trial court that it would treat both offenses as misdemeanors pursuant to section 17 and would place him on probation for three years with no additional jail time. (*Id*. at p. 88.)

In *People v. Clark*, *supra*, 17 Cal.App.3d 890 (*Clark*),[2] defendant Tait was charged by information with a violation of then Health and Safety Code section 11503—

---

[2] In *Clark*, a case that occurred before trial court unification, the Court of Appeal consolidated two different matters that were separately filed, briefed and argued; the court elected to deal with the two matters in a single opinion because they both raised problems concerning the jurisdiction and powers of a superior court in cases involving felony offenses connected with misdemeanor offenses. (*Clark*, *supra*, 17 Cal.App.3d at

5

offer to sell a narcotic and delivery of a non-narcotic substance. (Stats.1959, ch. 1112, § 6, p. 3194, repealed by Stats.1972, ch. 1407, § 2, p. 2987.) The offense was one of the offenses that could be punished, at the discretion of the trial court, either by a county jail sentence or by a state prison sentence. When defendant appeared for arraignment, the superior court, on its own motion and over the objection of the district attorney amended the information striking the word "felony" and replacing it with the word "misdemeanor." The court certified the information, as so amended, back to the municipal court for further proceedings. (*Id.* at pp. 894-895.) The People petitioned for a writ of mandate seeking to vacate the order and to direct the superior court to proceed with the prosecution in that court. (*Id.* at p. 895.) The *Clark* court directed that a peremptory writ of mandate issue, in which the superior court was directed to vacate its orders purporting to amend the information and certify the case to a municipal court and directed it, thereafter, to proceed in accordance with the opinion. (*Id.* at p. 899.) The *Clark* court

---

p. 893.) Defendant Clark was charged with a violation of section 11482 of the Welfare and Institutions Code, a misdemeanor, and with a violation of subdivision 1 of section 487, a felony. The misdemeanor count and the felony count were properly and necessarily joined by virtue of the rule of *Kellett v. Superior Court* (1966) 63 Cal.2d 822. After Clark was bound over to trial in superior court, the matter was continued several times because of a pending Supreme Court decision. In *People v. Gilbert* (1969) 1 Cal.3d 475, 479-480, the Supreme Court held that a prosecution for welfare fraud could not be prosecuted as grand theft under section 487 and that only a prosecution under the misdemeanor statute was permissible. Based on the holding in *Gilbert*, the grand theft count was dismissed on motion by the People, leaving only the misdemeanor count standing against defendant Clark. Clark moved to have the case dismissed on the ground that the superior court had no jurisdiction over a misdemeanor not joined with a felony; the motion was denied. Clark's petition for a writ of prohibition was denied by the Court of Appeal without opinion. Thereafter, the case was submitted to the trial court on the transcript of the preliminary examination; Clark was found guilty; proceedings were suspended and Clark was placed on probation. She appealed from the judgment (order granting probation). (*Clark*, *supra*, at p. 894.) The Clark court held that defendant Clark should have sought to have the case transferred to the municipal court, rather than seek an absolute dismissal of the case, to which she was not entitled; and the fact that she was tried in Superior Court did not prejudice her. (*Id.* at p. 897-898.)

explained that the Legislature had determined that violations of section 11503 of the Health and Safety Code, under some circumstances, could justify treatment as a felony. The *Clark* court noted that the discretion to choose between treatment as a felony or as a misdemeanor was given, in the first instance, to the prosecuting attorney (Pen. Code, § 17, subd. (b)(4)); next a power to select the class of treatment was given to the magistrate at the preliminary hearing (Pen. Code, § 17, subd. (b)(5)), but *only* with the concurrence of the prosecuting attorney. However, the power of the superior court to reduce the grade of the particular offense was limited to its power to pronounce a misdemeanor sentence, which would have the effect of accomplishing such a reduction from that time forward (Pen. Code, § 17, subd. (b)(1)). In each instance, the reduction was dependent on a determination by the official who, at the particular time, possessed knowledge of the special facts of the individual case and therefore, could intelligently exercise the legislatively granted discretion. The action taken by the superior court was one not based on any knowledge of the individual case before it but, expressly, was one taken on the basis of that court's disagreement with the legislative policy for the kind of offense involved.[3] The *Clark* court held that no such power existed. (*Id.* at p. 898.)

In each of the aforementioned cases, with the exception of *Clark*,[4] the felony count was either tried or as in the *Douglas* case the defendant pleaded to the felony counts. In

---

[3] The trial judge in *Clark* had explained his reasons for changing the charge to a misdemeanor as follows: " 'The court is unaware that this offense has ever been ultimately disposed of as a felony, although the Code does make it an alternative felony-misdemeanor. The Court is aware that the departments of this court are so jammed with criminal cases that it is an undue and unreasonable imposition on the court and on the judges of this court to entertain matters of this nature in the Superior Court. The law has been amended to provide for the filing of these kinds of charges in the Municipal Court; that is where they ultimately would be disposed of and that is where this case is now being certified.' " (*Clark*, *supra*, 17 Cal.App.3d at p. 895.)

[4] In *Clark*, the felony count for defendant Tait should have been tried (*Clark*, *supra*, 17 Cal.App.3d at p. 899) and in the case of defendant Clark, she should have requested that her case be transferred to the municipal court. (*Id.* at pp. 897-898.)

7

contrast, in this case, the felony count was dismissed before trial and Scott was charged by an "amended" complaint with only three misdemeanors. At this point, Scott stood charged with misdemeanors and no felony counts. It is axiomatic that for all intents and purposes this is a case in which Scott was not charged with a felony. Based on *Brown*, *Spreckels*, *Douglas* and *Clark*, and a close reading of the Advisory Committee Comment to rule 8.304, we are convinced that the "*regardless of the outcome*" language in rule 8.304 does not extend to cases wherein the felony count is dismissed entirely, because in this situation there is no "prosecution."

Scott has complained at length that the misdemeanor complaint "was a formality, filed on the first day of trial, that did not change the essential nature of the case." "As stated in *Wright v. Rogers,* 172 Cal.App.2d 349, 361: ' "It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading. . . ." (*Meyer v. State Board of Equalization,* 42 Cal.2d 376, 384-385.)' " (*People v. Mack* (1961) 197 Cal.App.2d 574, 578.) Thus, when a pleading is amended, the original pleading is thereby set aside and abandoned. (*Ibid.*)

Furthermore, we cannot agree with Scott's contention that appellate jurisdiction vested in this court when the original information was filed charging him with a felony. It is well established that a timely notice of appeal vests jurisdiction in an appellate court. (*Adoption of Alexander S*. (1988) 44 Cal.3d 857, 864.)

The superior court recognized that this was a misdemeanor case and set the trial in a misdemeanor department.[5] Scott's trial counsel recognized that this was a misdemeanor case and filed a misdemeanor notice of appeal (form CR-132), form CR-134—"Notice Regarding Record of Oral Proceedings (Misdemeanor)," and form CR-133—"Request for Court-Appointed Lawyer in Misdemeanor Appeal."

---

[5]     We have taken judicial notice of the fact that Department 47 of the Santa Clara County Superior Court, the department in which Scott was tried, is a limited jurisdiction courtroom.

8

Finally, Scott argues that if the information had been dismissed, the first amended misdemeanor complaint would have been barred because section 1387 provides that one previous dismissal of a charge for the same offense will bar a new misdemeanor charge. Scott asserts that the information alleged the same theft offense as the first amended misdemeanor complaint. Accordingly, he contends that if the entire information was dismissed the first amended complaint was barred. We reject Scott's argument.

For purposes of section 1387, subdivision (a), the misdemeanor prosecution in this case was not "for the same offense" as that charged in the prior information. In *Burris v. Superior Court* (2005) 34 Cal.4th 1012, (*Burris*), the California Supreme Court suggested that "[w]hen two crimes have the *same elements,* they are the same offense for purposes of . . . section 1387." (*Id*. at pp. 1016-1017, fn. 3.) The information charged Scott with "GRAND THEFT PERSON," one element of which is that the "money, labor or real or personal property taken is of a value exceeding nine hundred and fifty dollars ($950) . . . ." (§ 487; See CALCRIM Nos. 1800 [theft] 1801 [degrees; defendant committed grand theft if he or she stole property or services worth more than $950].) Petty theft has no such requirement. Section 1387 only applies to successive prosecutions for the same offense. (*People v. Traylor* (2009) 46 Cal.4th 1205, 1212 (*Traylor*).) Further, petty theft is a lesser and necessarily included offense of grand theft. (*Gomez v. Superior Court* (1958) 50 Cal.2d 640, 643–647.) "[W]hen a prosecution for a greater offense, having been dismissed, is followed by a subsequent prosecution for a *lesser included offense,* the two prosecutions may not be 'for the same offense.' This is because the offense charged in the [amended] complaint does not include all the elements of the offense charged earlier, and thus does not involve the 'identical criminal act.' " (*Traylor*, *supra*, 46 Cal.4th at pp. 1212-1213.)[6]

---

[6] The importance of *Traylor* is that it strictly construed section 1387's use of the language "same offense." It rejected that "section 1387(a) should apply to all charges arising from the *same conduct or behavior* of the defendant," finding that the statutory

9

Having determined that the effective pleading in this case charged Scott with only three misdemeanors, the appeal is not properly before this court pursuant to California Rules of Court, rule 8.304.  Therefore, this matter must be transferred back to the appellate division of the superior court for disposition.

*Disposition*

This case is hereby transferred to the appellate division of the Santa Clara County Superior Court.  (Gov. Code, § 68915.)


_____

ELIA, J.


WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.

---

language "belies such a necessarily broad construction."  (*Traylor, supra,* 46 Cal.4th at p. 1213, fn. 6.)

Trial Court:               Santa Clara County Superior Court


Trial Judge:               Hon. Diane Ritchie


Attorney for Appellant:    Teresa Biagini


Attorneys for Respondent:  Kamala D. Harris,
                           Attorney General,
                           Dane R. Gillette,
                           Chief Assistant Attorney General,
                           Gerald A. Engler,
                           Sr. Assistant Attorney General,
                           Sharon R. Wooden and
                           Dorian Jung,
                           Deputy Attorneys General


*People v. Scott*

H037681