Filed 7/30/14  P. v. Jackson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059725 |
| v. | (Super.Ct.No. FSB1202547) |
| EDITH ELLEN JACKSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell, Judge.  Reversed with directions.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted defendant Edith Ellen Jackson of felony, grand theft of lost property (count 1; Pen. Code, § 485)[1]. The court granted defendant four years' supervised probation with the condition she serve 180 days in jail with credit of 60 days for time already served. On appeal, defendant contends the court erred in failing to instruct the jury regarding the amount it would have to find defendant stole in order to convict her of grand theft. We shall reverse the judgment and remand the matter to allow the People to determine whether to retry the case or accept a reduction of the offense to petty theft.[2]

FACTUAL HISTORY

The victim won $25,000 on her birthday in February 2012, at the San Manuel Casino. She purchased her daughter a car and kept the remainder of the money, $4,600, in a purse. On April 3, 2012, the victim mistakenly took the purse with her to the casino. The victim spent approximately three hours at the casino during which she put $100 bills in a slot machine, played a few credits, cashed out, and repeated the process approximately 19 times.

At some point, the victim noticed she had lost the purse containing the $4,600.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant makes further assignments of error, which we will address; however, to the extent they resolve in her favor, they are rendered moot by our disposition of the first issue.

She testified she had left a copy of her identification in the purse.[3] The victim contacted security and showed an officer where she believed she had lost the purse.

A public safety officer at the casino looked at surveillance images of the area where the victim believed she had lost the purse. He saw images of the victim dropping the purse. Approximately 20 minutes after the victim dropped the purse, the defendant picked it up and left. The officer was able to obtain the license plate number of defendant's vehicle from surveillance video of the exterior of the casino. The People played the surveillance videos to the jury. The officer called the police.

A sheriff's deputy testified he responded and viewed the surveillance footage from which he obtained defendant's license plate number. He called defendant, the registered owner of the vehicle, on the phone the next day. Defendant reported she had found a purse at the casino the night before. The deputy asked defendant if there was any money inside; she said there was. The deputy told defendant there was $4,600 inside. Defendant never referred to how much money was inside the purse, she simply said there was "a lot" of money inside.

The deputy asked defendant if she had attempted to return the purse or contact anyone regarding its ownership; defendant said she had not. The deputy told defendant that under the law, she had a responsibility to attempt to find the owner of the purse; he

---

[3] Both the public safety officer and the deputy sheriff testified the victim never told them she had left a copy of her identification in the purse.

told her to whom the money belonged; and that defendant could turn it in to him. Defendant indicated an unwillingness to make any effort to return the money. She said she had already spent the money.

Defendant testified that as she was leaving the casino, she noticed "a cute makeup bag" which she picked up and put in her purse as she walked out the door of the casino. She opened the bag later and found four $100 bills inside. She used the money to pay a bill and buy shoes and a blanket.

The police called her that night and asked about the bag. Defendant told the officer she had found the bag. The officer said there was a lot of money in the bag; defendant said there "sure was." The officer said there was $4,600 inside; defendant said there was "not that much." Defendant never told the officer there was only $400 in the bag. She told the officer there was no identification in the bag, that she had only $26 left, and offered to return what remained and work the rest off for the victim.

A. Failure to Instruct with CALCRIM No. 1801.

Defendant contends the court's failure to instruct the jury with CALCRIM No. 1801 both resulted in a failure to inform the jury of the requisite value of the property the jury had to find was taken when determining whether defendant had committed grand theft and deprived defendant of a conviction on the lesser included offense of petty theft. The People concede the court should have instructed the jury with CALCRIM No. 1801

4

and that the matter must be reversed and remanded for the People to either accept a reduction of the offense to petty theft or retry the case. We agree.

The People charged defendant by information with felony grand theft of lost property (count 1; § 485). Defendant requested the court instruct the jury with CALCRIM No. 1802[4] or some variation of CALCRIM No. 1801.[5] The court expressly denied defendant's request for instruction with CALCRIM No. 1802, but made no ruling on CALCRIM No. 1801. However, the court did not instruct the jury with CALCRIM No. 1801.

"'It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case. [Citations.]' [Citation.] 'That obligation has been held to include giving instructions on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense

---

[4] CALCRIM No. 1802 reads, in pertinent part, as follows: "To prove that the defendant is guilty of a single grand theft, the People must prove that: [¶] . . . [¶] 2. The combined value of the property was over ($950[]); [¶] . . . [¶] If you conclude that the People have failed to prove grand theft, any [] thefts you have found proven are petty thefts."

[5] CALCRIM No. 1801 reads, in pertinent part, "The defendant committed grand theft if (he/she) stole property [or services] worth more than $950."

5

were present [citation], but not when there is no evidence that the offense was less than that charged.' [Citation.]" (*People v. Smith* (2013) 57 Cal.4th 232, 239.)

"A trial court's failure to instruct on an element of a charged offense violates the federal Constitution by relieving the jury of its obligation to determine whether all the elements of the offense were proven beyond a reasonable doubt . . . . When the error pertains to omission of a jury instruction on an element of the offense, a reviewing court must determine 'whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.' [Citation.]" (*People v. Delgado* (2013) 56 Cal.4th 480, 496.)

"When a greater offense must be reversed, but a lesser included offense could be affirmed, we give the prosecutor the option of retrying the greater offense, or accepting a reduction to the lesser offense. [Citation.]" (*People v. Kelly* (1992) 1 Cal.4th 495, 528; accord *People v. Medina* (2007) 41 Cal.4th 685, 702.) Evidence of the value of the property stolen is an element of grand theft. (*People v. Scott* (2013) 221 Cal.App.4th 525, 533.)

Here, the court failed to instruct the jury that in finding defendant guilty of *felony grand* theft of lost property, it must find defendant stole something worth more than $950. (CALCRIM Nos. 1801, 1802; §§ 486, 487, subd. (a).) Defendant testified there was only $400 in the purse when she found it. Thus, there was substantial evidence from which the jury could have found defendant stole $950 or less. Therefore, the court erred

6

in failing to instruct the jury with CALCRIM No. 1801 because it simultaneously removed an element of the offense for which defendant was convicted, grand theft due to the value of the money stolen, and precluded a finding on the lesser, necessarily included offense of the misdemeanor petty theft.

B. The Court Erred in Instructing the Jury with CALCRIM No. 361.

Defendant contends the court erred in instructing the jury with CALCRIM No. 361, because during her testimony, she denied she had stolen $4,600. We agree, but find our reversal of her conviction renders the issue moot.

CALCRIM No. 361, as given to the jury, read "If the defendant failed in her testimony to explain or deny evidence against her, and if she could reasonably be expected to have done so based on what she knew, you may consider her failure to explain or deny in evaluating that evidence. Any such failure is not enough by itself to prove guilt. The People must still prove the defendant guilty beyond a reasonable doubt. [¶] If the defendant failed to explain or deny, it is up to you to decide the meaning and importance of that failure."[6]

A trial court has "the correlative duty 'to refrain from instructing on principles of law which not only are irrelevant to the issues raised by the evidence but also have the effect of confusing the jury or relieving it from making findings on relevant issues.'

---

[6] The parties below stipulated to a waiver of the reporting of the court's instruction of the jury.

7

[Citation.] 'It is an elementary principle of law that before a jury can be instructed that it may draw a particular inference, evidence must appear in the record which, if believed by the jury, will support the suggested inference [citation].' [Citation.]" (*People v. Saddler* (1979) 24 Cal.3d 671, 681.) CALCRIM No. 361 should not be given when during a defendant's testimony she denies or explains any incriminating evidence adduced against her. (See *id*. at pp. 682-683; accord *People v. Marks* (1988) 45 Cal.3d 1335, 1346.)

"'[T]he test for giving the instruction is not whether the defendant's testimony is believable. CALJIC No. 2.62 [CALCRIM No. 361's predecessor] is unwarranted when a defendant explains or denies matters within his or her knowledge, no matter how improbable that explanation may appear.' [Citation.]" (*People v. Lamer* (2003) 110 Cal.App.4th 1463, 1469.)

Here, during her testimony, defendant denied she had stolen $4,600. Rather, defendant testified that when she opened the purse, she found only $400. Thus, the court erred in instructing the jury with CALCRIM No. 361. (*People v. Marks, supra,* 45 Cal.3d at p. 1346 ["If there is a retrial, the trial court should carefully consider whether this instruction is appropriate."].)

## DISPOSITION

The judgment is reversed. The matter is remanded to allow the People to either retry the case for felony grand theft of lost property upon proper instruction of the jury or

8

to accept a reduction in the conviction to misdemeanor petty theft.  If the People choose the latter, the trial court must resentence defendant.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

MILLER

J.

9