Filed 9/23/20  P. v. Salas CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  THOMAS SALAS,  Defendant and Appellant. | D076686  (Super. Ct. No. SCD282084) |


APPEAL from a judgment of the Superior Court of San Diego County, Yvonne Esperanza Campos, Judge.  Appeal dismissed; matter is transferred to the Appellate Division of the Superior Court of the County of San Diego.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

On June 10, 2019, the prosecution filed a felony complaint in San Diego Superior Court charging Thomas Salas with attempted kidnapping (Pen.

Code,[1] §§ 207,subd. (a), 664), false imprisonment (§ 237, subd. (a)), and misdemeanor annoying a child (§ 647.6, subd. (a)(1)). The prosecution also alleged Salas suffered a prior conviction that qualified as both a prior serious felony (§ 667, subd. (a)) and a strike prior (§ 667, subds. (b)-(i)).

A few weeks later, on June 27, 2019, the prosecution filed an amended felony complaint, adding a second count of misdemeanor annoying a child. On the same day, at the preliminary hearing, the court held Salas to answer all charges in the amended felony complaint. No arraignment was held at that time.

On July 11, 2019, the prosecution filed an amended misdemeanor complaint wherein the felony charges and recidivist allegations were dropped. Trial proceeded on the two misdemeanor charges only, and a jury convicted Salas as charged.

The court placed Salas on probation.

Salas filed a misdemeanor notice of appeal, claiming substantial evidence does not support his conviction on one of his counts. The People filed a motion to dismiss, arguing that this court does not have jurisdiction to hear this appeal, and the matter should be transferred to the appellate division of the superior court. We agree and, thus, dismiss this appeal and transfer this matter as the People suggest.

## DISCUSSION[2]

The Sixth Appellate District in *People v. Scott* (2013) 221 Cal.App.4th 525 (*Scott*) explained the Court of Appeal's jurisdiction to hear criminal appeals. As that court discussed, "California Rules of Court, rule 8.304

---

[1] Statutory references are to the Penal Code unless otherwise specified.

[2] Because we do not reach the merits of Salas's appeal, we eschew the traditional statement of facts describing the underlying offenses.

(hereafter rule 8.304) governs the filing of appeals in the Court of Appeal. Subdivision (a) provides in pertinent part, '(1) To appeal from a judgment or an appealable order of the superior court in a felony case . . . the defendant or the People must file a notice of appeal in that superior court. . . . [¶] (2) As used in (1), "felony case" means any criminal action in which a felony is charged, regardless of the outcome. . . . [It] includes an action in which the defendant is charged with: [¶] (A) A felony and a misdemeanor or infraction, but is convicted of only the misdemeanor or infraction; [¶] (B) A felony, but is convicted of only a lesser offense; or [¶] (C) An offense filed as a felony but punishable as either a felony or a misdemeanor, and the offense is thereafter deemed a misdemeanor under . . . section 17(b).' " (*Scott*, at p. 529, italics omitted.)

"Similarly, section 1235, subdivision (b) provides that '[a]n appeal from a judgment or appealable order in a felony case is to the court of appeal for the district in which the court from which the appeal is taken is located.' " (*Scott*, *supra*, 221 Cal.App.4th at p. 529.)

"Section 691 provides the necessary definitions. ' "Felony case" means a criminal action in which a felony is charged and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony.' (§ 691, subd. (f), italics [omitted].) A ' "[m]isdemeanor or infraction case" means a criminal action in which a misdemeanor or infraction is charged and does not include a criminal action in which a felony is charged in conjunction with a misdemeanor or infraction.' (§ 691, subd. (g), italics [omitted].)" (*Scott*, *supra*, 221 Cal.App.4th at p. 529.)

"The Advisory Committee comment to rule 8.304 explains that rule 8.304 'makes it clear that a "felony case" is an action in which a felony is charged regardless of the outcome of the action.' The comment goes on to

3

state, '[t]hus the question whether to file a notice of appeal under this rule or under the rules governing appeals to the appellate division of the superior court (rule 8.700 et seq.) is answered simply by examining the accusatory pleading:  if that document charged the defendant with at least one count of felony (as defined in ... section 17(a)), the Court of Appeal has appellate jurisdiction and the appeal must be taken under this rule even if the prosecution did not result in a punishment of imprisonment in the state prison.  [¶]  It is settled case law that an appeal is taken to the Court of Appeal not only when the defendant is charged with and convicted of a felony, but also when the defendant is charged with both a felony and a misdemeanor  (Pen. Code, § 691(f)) but is convicted of only the misdemeanor [Citation]; when the defendant is charged with a felony but is convicted of only a lesser offense [Citations]; and when the defendant is charged with an offense filed as a felony but punishable as either a felony or a misdemeanor, and the offense is thereafter deemed a misdemeanor under . . . section 17(b) [Citations]." (*Scott*, *supra*, 221 Cal.App.4th at pp. 529-530.)

Here, the People argue that this matter is analogous to *Scott*, *supra*, 221 Cal.App.4th 525, and, as such, we must dismiss the appeal because we lack jurisdiction to hear it.  In contrast, Salas argues that *Scott* was wrongly decided.  The People have the better argument.

In *Scott*, following a preliminary hearing, the defendant was held to answer on one felony count.  Eight days later, the prosecution filed an information charging the defendant with one felony and three misdemeanors. (*Scott*, *supra*, 221 Cal.App.4th at p. 527.)  Under rule 8.304, at that point, the case became a felony case.  Four days after that, however, the prosecution moved to dismiss the felony count for insufficiency of the evidence.  The court dismissed the felony and the defendant pleaded not guilty to the three

4

misdemeanors. (*Scott*, at pp. 527-528.) The case was subsequently set for trial in a misdemeanor department. (*Id*. at pp. 528, 533, fn. 5.) On the first day of trial, the prosecution filed a " 'First Amended' misdemeanor complaint" charging the defendant with three misdemeanor offenses. (*Id*. at p. 528.) The jury found the defendant guilty as charged. (*Ibid*.) The defendant filed a " 'Misdemeanor' " notice of appeal and other appellate notices using the forms for misdemeanor appeals, but the appeal went to the Sixth Appellate District.[3] (*Id*. at pp. 528, 533.)

The Sixth Appellate District "questioned whether appellate jurisdiction was vested in the [Court of Appeal ]or the appellate division of the superior court" and asked the parties to brief the issue. (*Scott*, *supra*, 221 Cal.App.4th at p. 528.) After reviewing section 691, rule 8.304, the Advisory Committee comment to the rule, and the cases cited in the comment, the Sixth Appellate District concluded that the appellate division of the superior court had appellate jurisdiction in *Scott* and transferred the case to that court. (*Scott*, at pp. 528-529, 534.) In determining that *Scott* was a misdemeanor case, the Sixth Appellate District noted that the only felony count had been dismissed before trial and that the defendant was charged by an "amended" complaint with only three misdemeanors. The court explained, "[a]t this point, Scott stood charged with misdemeanors and no felony counts. It is axiomatic that for all intents and purposes this is a case in which Scott was not charged with a felony. Based on . . . a close reading of the Advisory Committee comment to rule 8.304 [and the cases cited therein], we are convinced that the 'regardless of the outcome' language in rule 8.304 does not extend to cases wherein the felony count is dismissed entirely, because in this situation there is no

---

[3]     The opinion in *Scott* does not explain how the appeal ended up in the Court of Appeal and not the Appellate Division of the Superior Court.

5

'prosecution.' " (*Id*. at p. 532, italics omitted.)  The court clarified that when a pleading is amended, the amended pleading supersedes the original pleading, which is "set aside and abandoned." (*Id*. at pp. 532-533.)  The court also stated that "[t]he superior court recognized that this was a misdemeanor case and set the trial in a misdemeanor department.  Scott's trial counsel recognized that this was a misdemeanor case and filed a misdemeanor notice of appeal," as well as other forms used in misdemeanor appeals. (*Id*. at p. 533, fn. omitted.)  Having determined that the effective pleading charged the defendant with only three misdemeanors, the court concluded that the appeal was not properly before it and transferred the matter to the appellate division of the superior court. (*Id*. at p. 534.)

The instant matter is analogous to *Scott, supra,* 221 Cal.App.4th 525. Like the defendant in *Scott*, Salas was charged with felony offenses and was held to answer for all the charges in the amended charging document. However, before trial, the prosecution filed a misdemeanor complaint against Salas that dismissed the two felonies and the allegations concerning Salas's priors.  In *Scott*, the prosecutor likewise filed an amended complaint that only charged the defendant with misdemeanors.  Thus, like the defendant in *Scott*, when Salas went to trial,  he could only be convicted of misdemeanors. In other words, it was not a situation where Salas was charged with both felonies and misdemeanors, but the jury only convicted him of a misdemeanor.  And, also like the defendant in *Scott*, Salas filed a misdemeanor appeal.  Simply put, this is a misdemeanor case.  We disagree with Salas that *Scott* was wrongly decided.

## DISPOSITION

The appeal is dismissed and transferred to the Appellate Division of the San Diego County Superior Court.


HUFFMAN, Acting P. J.

WE CONCUR:



IRION, J.



DATO, J.