Filed 3/9/22  P. v. Farley CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RONALD FARLEY,<br><br>Defendant and Appellant. | F080716<br><br>(Super. Ct. No. 16CR-00563)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Jeanne Schechter, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Ronald Farley appeals from the court's postjudgment order denying his petition for presentence custody credits.  The sole issue raised by appellant concerns the judgment of sentence imposed for a violation of probation.  He contends only that the

trial court erred by imposing a $900 restitution fine (Pen. Code,[1] § 1202.4) at the violation sentencing when it had previously imposed a $300 restitution fine at the time of sentencing for the underlying offense. Finding that we do not have jurisdiction because appellant failed to timely appeal the judgment and, further, that this appeal is not cognizable under section 1237.2, we dismiss the appeal.

## FACTS

On September 19, 2016, appellant pled no contest to being a felon in possession of a firearm (§ 29800, subd. (a)(1)). The trial court sentenced him to the upper term of three years in prison, suspended execution of the sentence, and placed appellant on three years' formal probation. The court ordered appellant to pay a restitution fine (§ 1202.4, subd. (b)) in the amount of $300 and a probation revocation fine (§ 1202.44) in the same amount; the latter was stayed pending successful completion of probation.

On July 25, 2019, appellant admitted a violation of probation.

On August 7, 2019, the court executed appellant's three-year suspended sentence. The court ordered a restitution fine in the amount of $900, and a matching parole revocation fine stayed pending successful completion of parole.

On December 11, 2019, appellant, in pro per, filed a form document captioned "PETITION FOR ORDER GRANTING PRE-SENTENCE CUSTODY AND CONDUCT CREDITS PURSUANT TO PENAL CODE § 2900.5\4019." Appellant contended he was entitled to an additional 255 days of custody credit.

On January 21, 2020, the court filed a document captioned "RULING ON MOTION TO AMEND ABSTRACT OF JUDGMENT," denying appellant's petition indicating the credit appellant contended should be applied to his case was applied to a case for which he was serving a sentence for a different county.

---

[1] All further undesignated statutory references are to the Penal Code.

2.

On January 31, 2020, appellant, in pro per, filed a notice of appeal from the January 21, 2020 order. Appellant attached the court's January 21, 2020 ruling to his notice of appeal.

## DISCUSSION

Appellant makes no claim of error regarding the court's January 21, 2020 denial of his petition. Rather, he contends the court erred by ordering a restitution fine and parole revocation fine of $900 on August 7, 2019. Appellant contends this was error because the court had already ordered a $300 restitution fine in the case on September 19, 2016, which "survive[d] the revocation of probation," and thus the imposition of an additional restitution fine for the same conviction was an unauthorized sentence.

The parties disagree as to whether this court has jurisdiction to remedy an error from the August 7, 2019 judgment to which appellant filed no notice of appeal. Respondent contends appellant's petition was a writ of habeas corpus and, as a matter of law, the January 21, 2020 denial of the petition is not an appealable order. Appellant contends the petition was a "petition for resentencing," which is an appealable order that allows us to consider any issue involving his sentence.

As a threshold matter, we disagree with both parties' characterizations of the petition; it was what it was captioned—a petition for an order granting presentence custody and conduct credits. An order denying such a petition is theoretically appealable, as it is an order made after judgment, affecting the substantial rights of the party, namely, the amount of time he must serve. (§ 1237, subd. (b); see *People v. Gainer* (1982) 133 Cal.App.3d 636, 642 [order granting custody credits was an order made after judgment affecting substantial rights].) This does not mean, however, that appellant's notice of appeal confers jurisdiction to us as to matters concerning the August 7, 2019 judgment.

As to the August 7, 2019 judgment, appellant's notice of appeal was insufficient in that it did not "identif[y] the particular judgment or order being appealed" (Cal. Rules of

3.

Court, rule 8.304(a)(4)[2]), as it only specified the January 21, 2020 order, and it was untimely. A notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed. (Rule 8.308(a).) Appellant's January 31, 2020 notice of appeal was filed beyond 60 days after the rendition of the judgment on August 7, 2019. Though appellant's notice of appeal was timely as it relates to the court's January 21, 2020 postjudgment order denying his petition for presentence custody credits, appellant cites no authority, and we have found none, supporting the assertion that the filing of this petition tolled or extended the time to file a notice of appeal from the judgment of sentence. (See rule 8.308(a) ["no court may extend the time to file a notice of appeal" unless a public emergency as defined in rule 8.66 is present].) Because appellant's notice of appeal did not specify the judgment and was untimely filed in relation to the judgment, we conclude appellant's claim is not subject to this court's jurisdiction in this appeal. (*People v. Scott* (2013) 221 Cal.App.4th 525, 533 ["It is well established that a timely notice of appeal vests jurisdiction in an appellate court."].)

Appellant suggests that even though he did not file a timely notice of appeal from the judgment, we can nonetheless correct the claimed error because, as appellant alleges, it is an unauthorized sentence. We acknowledge the general rule that a reviewing court may correct an unauthorized sentence in the absence of an objection below; however, this rule "constitutes a narrow exception to the *forfeiture doctrine* [citation], ' "not to the *jurisdictional* requirement of a timely notice of appeal" ' or other means of properly challenging the judgment of conviction." (*People v. Moore* (2021) 68 Cal.App.5th 856, 865.) In other words, a reviewing court may not correct an unauthorized sentence if it does not have jurisdiction over the matter. This is true even if it has jurisdiction over an appeal from an unrelated postjudgment order. (See *id.* at p. 866 [finding the appellate court did not have jurisdiction to correct an unauthorized sentence on appeal from a

---

[2]    Further undesignated rule references are to the California Rules of Court.

denial of the defendant's request for a *Franklin*[3] hearing occurring after the judgment became final and the time to appeal had passed].)

Finally, even if appellant's notice of appeal conferred jurisdiction to us to address the issue regarding the restitution fine, consideration would be improper under section 1237.2, and we would decline to do so. "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing." (§ 1237.2.) Review of appellant's claim is improper absent any attempt by appellant to address the alleged error in the trial court below. (*People v. Alexander* (2016) 6 Cal.App.5th 798, 801 [dismissal is proper disposition when only claim of error on appeal involves restitution fine amount and issue was not raised in trial court].)

## DISPOSITION

The appeal is dismissed. This opinion is not intended to preclude appellant from filing a motion before the trial court pursuant to section 1237.2.

DE SANTOS, J.

WE CONCUR:

DETJEN, ACTING P. J.

FRANSON, J.

---

[3] *People v. Franklin* (2016) 63 Cal.4th 261.